UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61378-CIV-DIMITROULEAS

FRANK MANFRED, II,

     Plaintiff,

vs.

PENTAGROUP FINANCIAL, LLC,

     Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Pentagroup Financial, LLC's Motion to Dismiss for Lack of Jurisdiction [DE 11], filed herein on June 21, 2011.  The Court has carefully considered the Motion, Response [DE 12], Reply [DE 13], and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff commenced the instant action on August 3, 2010 [DE 1], alleging that Defendant violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") based upon several voice mails left by Defendant on Plaintiff's cellular telephone.

On September 2, 2010, the Defendant made Plaintiff a settlement offer to resolve the FDCPA claims for $1001.00, plus reasonable attorneys fees and costs. See [DE 11, Exh. 1]. Plaintiff did not respond to the settlement offer.

In the instant Motion, Defendant argues that its settlement offer exceeds the Plaintiff's potential damage claim and thereby renders moot Plaintiff's FDCPA claims.  Additionally, Defendant argues that the state court has exclusive jurisdiction over Plaintiff's remaining TCPA and FCCPA claims.  Accordingly, Defendant contends that this case must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiff objects, arguing that an informal settlement offer should not be treated by the Court as a Rule 68 Offer of Judgment to moot federal jurisdiction.

## II.  DISCUSSION

A federal court lacks subject matter jurisdiction to entertain a moot suit, which no longer presents an Article III case or controversy.  National Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).  See also University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (holding that once the court determines that subject matter jurisdiction does not exist, its sole remaining act is to dismiss the case for lack of jurisdiction).  Upon the filing of this case, the Court had original subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 as to the federal FDCPA claims and pursuant to 28 U.S.C. § 1367 over the FCCPA and TCPA claims.  However, Defendant contends that the Court lost subject matter jurisdiction once it made its settlement offer to the Plaintiff, offering Plaintiff $1,001 plus reasonable attorney's fees and costs.

The Court notes that various courts in this district have taken several approaches in addressing the scenario presented, wherein the Defendant in a FDCPA case moves to dismiss the case for lack of subject matter jurisdiction based upon a rejected (or ignored) settlement offer for

the statutory maximum of damages[1], plus reasonable attorneys fees and costs.  The avenue taken

by some courts has been to simply grant the defendant's motion to dismiss, concluding that the

court lacks subject matter jurisdiction over the action because there is no longer an ongoing case

and controversy, as the plaintiff was offered more than the recoverable amount of damages under

the FDCPA.  See Outten v. United Collection Bureau, Inc., No. 09-21817-CIV-GOLD (S.D. Fla.

April 5, 2010); Zinni v. ER Solution, Inc., 10-80780-CIV-RYSKAMP (S.D. Fla., April 20,

2011).  A primary concern with this approach is that it leaves the plaintiff with his case

dismissed, and with no means to enforce recovery of the offered statutory damages, attorney's

fees, and costs, as there is neither a judgment entered that the plaintiff could enforce through

post-judgment proceedings, nor a settlement agreement to enforce under contract law.  If courts

uniformly adopt this approach, Plaintiffs would have to accept the proffered settlements or risk

receiving nothing in return for their complaint; more likely, Plaintiffs might have a more difficult

time securing representation for their statutory complaint.  Congress intended the FDCPA to be

self-enforcing by debtors acting as private attorney generals to help correct this abuse of

consumers. See S.Rep. No. 95-382 p.5 (describing FDCPA as "self-enforcing") It is for this

reason that the awarding of reasonable attorney's fees to prevailing FDCPA plaintiffs is

mandatory. See Thorpe v. Collection Information Bureau, Inc., 963 F.Supp. 1172, 1174 n. 2

(S.D. Fla.1996) (purpose behind the prevailing party attorney's fee provision is to encourage

competent attorneys to work on cases that might otherwise be avoided). Congress, statutorily, or

the Supreme Court, through its rules committee, can provide mechanisms to facilitate the

---

[1] Regardless of the number of violations proven, the maximum amount in statutory damages an individual can recover under the FDCPA is $1,000.00 15 U.S.C. § 1692k (a)(2)(A).

disposition of these cases, if there is a perception that Plaintiffs' attorneys are inappropriately prosecuting these cases.  This unelected, judicial official is uncomfortable establishing such a rule.

Other courts, perhaps cognizant of the concern for Plaintiffs receiving no settlement funds and in an effort perhaps to "split the baby", have granted the defendant's motion to dismiss for lack of subject matter jurisdiction, but have simultaneously entered final judgments in favor of the plaintiff for the statutory maximum of damages, plus reasonable attorney's fees and costs. See Brown v. Kopolow, 2011 WL 283253 (S.D. Fla. Jan. 25, 2011); Muldrow v. Credit Bureau Collection Services, Inc., 2010 WL 2650906 (S.D. Fla. June 30, 2010).  While this resolution provides the benefit to the plaintiff of having means to enforce his recovery, the Court finds that this approach goes too far in the other direction, effectively treating the Defendant's informal settlement offer as an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure[2], even though Defendant did not offer to have a judgment entered against it.

Rather, the Court agrees with the analysis and conclusion of the opinion in the Order Denying Motion to Dismiss [DE 29] in Manfred v. Focus Receivables Management, LLC, Case No.: 10-60597-Civ-Zloch (S.D. Fla. April 6, 2011):

> Defendant maintains that its settlement offer to Plaintiff of full statutory damages
> and reasonable attorney's fees was sufficient to moot his FDCPA claims, despite
> the facts that Defendant has not submitted to a final judgment and that its offer
> was rejected by Plaintiff. Had Defendant made a Rule 68 offer of judgment to

---

[2] Had Defendant made a Rule 68 Offer of Judgment of the maximum statutory damages (assuming no claim for actual damages) rather than an informal settlement offer, then there would have been a stronger argument that Plaintiff's FDCPA claims would have been rendered moot, regardless of whether Plaintiff accepted the Offer of Judgment. See Mackenzie v. Kindred Hospitals East, L.L.C., 276 F.Supp.2d 1211, 1219 (M.D. Fla. 2003), but see, Pollack v. Bay Area Credit Service, Inc., 2009 WL 2475167 (S.D. Fla. 2009) .

Plaintiff, the Court agrees that whether said offer was accepted by Plaintiff would be of no moment in the Court's analysis. Indeed, it would be the Rule 68 offer of maximum statutory damages itself, and not any subsequent acceptance, that would moot the instant FDCPA claims. See MacKenzie, 276 F. Supp. 2d at 1219. But that is not what we have here. And Defendant simply cannot have it both ways. The Court cannot construe Defendant's settlement offer to be a Rule 68 offer for the purposes of mooting Plaintiff's FDCPA claims, and then distinguish it from a Rule 68 offer in order to protect Defendant from having a judgment entered against it. In the absence of a rejected Rule 68 offer, a plaintiff's FDCPA claims cannot rationally become moot where he does not receive any relief. Id. As it so strenuously indicates in its Reply, Defendant has not made a Rule 68 offer of judgment to Plaintiff. The instant Motion to Dismiss (DE 20) must therefore be denied.

See also Order Denying Motion to Dismiss [DE 10] in Arlozynski v. ARS National Services, Inc., Case No.: 11-CV-00196-JDW-MAP (M.D. Fla. April 19, 2011) (same).  Furthermore, the Court concludes that the role and mechanisms of Rule 68 will be undermined if the Court were to examine Defendant's settlement offer in the same light as if Defendant had made a Rule 68 Offer, which Defendant deliberately chose not to do in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Pentagroup Financial, LLC's Motion to Dismiss for Lack of Jurisdiction [DE 11] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

5